2010-39072 / Court: 011

Filed 10 June 24 A10:02
Loren Jackson - District Clerk
Harris County
ED101J015838755
By: Furshilla Brantley

CAUSE NO. _____

| | | |
|---|---|---|
| MACARIO GONZALEZ AND DOLORES GONZALEZ, **Plaintiffs,** | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND MICHAEL LOUIS MEDCALF, **Defendants.** | §<br>§<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Macario Gonzalez and Dolores Gonzalez ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Nationwide Property and Casualty Insurance Company ("Nationwide") and Michael Louis Medcalf ("Medcalf") (who will be collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiffs Macario Gonzalez and Dolores Gonzales are individuals residing in Harris County, Texas.

3.    Defendant Nationwide Property and Casualty Insurance Company is an insurance company engaging in the business of insurance in the State of Texas. The defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

4.    Defendant Michael Louis Medcalf is an individual residing in and domiciled in the State of Oklahoma. This defendant may be served with personal process by a process server at his place of residence at 615 O Street SW, Ardmore, Oklahoma 73401.

## JURISDICTION

5.    The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.    The court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The court has jurisdiction over Defendant Medcalf because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide.

10.    Plaintiffs own the insured property, which is specifically located at 9022 Easthaven, Houston, Texas 77075, in Harris County (hereinafter referred to as "the Property").

11.    Nationwide sold the Policy insuring the Property to Plaintiffs.

12.    On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiffs' residence. Plaintiffs' home and property sustained severe roof damage. Water intrusion into the interior caused significant damage to sheetrock, ceilings, walls, insulation, and flooring throughout the home. Additionally, the fence on the property was heavily damaged, and the back door of the detached garage was damaged as well. The hurricane winds caused the structure to shift, resulting in cracks and holes in the roof and in the home's structure. Moreover, Plaintiffs sustained significant damage to their personal belongings and contents within the home. Immediately after the storm, Plaintiffs filed an insurance claim with their insurance company, Nationwide, for the damages to their home caused by Hurricane Ike.

13.    Plaintiffs submitted a claim to Nationwide against the Policy for roof damage, water damage, wind damage, contents damage, and structural damage to the Property sustained as a result of Hurricane Ike.

14.    Plaintiffs asked that Nationwide cover the cost of repairs to the Property pursuant to the Policy. Plaintiffs also requested payment of additional living expenses.

15.    Nationwide assigned Defendant Medcalf to adjust Plaintiffs' claim. Defendant Medcalf made an inspection of the premises on October 2, 2008. His estimate undervalued and underpaid the expenses for repair and replacement of the damaged property, thus denying

properly covered damages. As a result, Plaintiffs have not received payment nor reimbursement for those damages reflected in those documents.

16. As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Nationwide underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs, as well as under scoping the damages during their investigation. Additionally, Nationwide continues to delay in the payment of additional living expenses, as well as the damages to the property, including the home and contents. As such, Plaintiffs have not been paid in full for the damages to their home.

17. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiffs.

18. Defendants Nationwide and Medcalf misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nationwide's and Medcalf's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendants Nationwide and Medcalf failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.

Certified Document Number: 45654159 - Page 4 of 15

Defendants Nationwide's and Medcalf's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendants Nationwide and Medcalf failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Nationwide and Medcalf failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Nationwide and Medcalf did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Nationwide's and Medcalf's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendants Nationwide and Medcalf failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim, in writing from Defendants Nationwide and Medcalf. Defendants Nationwide's and Medcalf's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendants Nationwide and Medcalf refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants Nationwide and Medcalf failed to conduct a reasonable investigation. Specifically, Defendants Nationwide and Medcalf performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Nationwide's and Medcalf's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant Nationwide failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not yet received full payment for their claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     From and after the time Plaintiffs' claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Certified Document Number: 45654159 - Page 6 of 15

27.   Defendants Nationwide and Medcalf knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28.   As a result of Defendants Nationwide's and Medcalf's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST MEDCALF

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

29.   Defendant Medcalf's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541 060(a). All violations under this article are made actionable by TEX. INS. CODE §541,151.

30.   Defendant Medcalf is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Nationwide, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." (Emphasis added.) TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

Certified Document Number: 45654159 - Page 7 of 15

31.   Defendant Medcalf's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

32.   Defendant Medcalf's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

33.   The unfair settlement practice of Defendant Medcalf, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

34.   Defendant Medcalf's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

35.   Defendant Medcalf's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST NATIONWIDE AND MEDCALF

### FRAUD AGAINST ALL DEFENDANT PARTIES

36.     Defendants Nationwide and Medcalf are liable to Plaintiffs for common law fraud.

37.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendants Nationwide and Medcalf knew were false or made recklessly without any knowledge of their truth as a positive assertion.

38.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD AGAINST ALL DEFENDANT PARTIES

39.     Defendants Nationwide and Medcalf are liable to Plaintiffs for conspiracy to commit fraud. Defendants Nationwide and Medcalf were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Nationwide and Medcalf committed an unlawful, overt act to further the object or course of action.  Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST NATIONWIDE ONLY

40.     Defendant Nationwide is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### BREACH OF CONTRACT

41.     Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiffs.

42.     Defendant Nationwide's failure and refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43.     Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(A). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44.     Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

45.     Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

46.     Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the

facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

47.    Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

48.    Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

49.    Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

50.    Defendant Nationwide's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

Certified Document Number: 45654159 - Page 11 of 15

51. Defendant Nationwide's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

52. Defendant Nationwide's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

53. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

54. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

55. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

56. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

57. As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property

and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants Nationwide's and Medcalf's handling of Plaintiffs' claim in violation of the laws set forth above.

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

59.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

60.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE §542.060.

61.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

62.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

63.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs

are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

64.    Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

65.    *Plaintiffs' Request for Disclosure to Defendant Nationwide Property and Casualty Insurance Company* is attached as "Exhibit A," and *Plaintiffs' Request for Disclosure to Defendant Michael Louis Medcalf* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

BY: _/s/ Trey Martinez Fischer_ __
      Trey Martinez Fischer, Of Counsel
      Texas State Bar No. 24007183
      J. Steve Mostyn
      Texas State Bar No. 00798389
      3810 West Alabama Street
      Houston, Texas 77027
      Telephone: (713) 861-6616
      Facsimile: (713) 861-8084

**ATTORNEYS FOR PLAINTIFFS**



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this June 24, 2010

Certified Document Number:   45654159 Total Pages: 15

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**